TIMOTHY COURCHAINE
United States Attorney
District of Arizona
MARIA R. GUTIERREZ
Arizona State Bar No. 026659
BRANDON BROWN
Arizona State Bar No. 028892
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: Maria.Gutierrez@usdoj.gov
Email: Brandon.Brown@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-24-1820-02-PHX-DJH |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' SENTENCING MEMORANDUM** |
| Jose Guadalupe Cota Garcia, | |
| Defendant. | |

For the reasons below, the United States hereby recommends that the Defendant, Jose Guadalupe Cota Garcia, be sentenced to 10 months of imprisonment to be followed by three years of supervised release.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.    FACTS

In April 2023, Homeland Security Investigations and the Bureau of Alcohol, Tobacco, Firearms and Explosives began investigating co-defendant Jorge Adan Garcia Martinez ("Martinez") for his involvement in the straw purchasing of firearms from federally licensed firearms dealers (FFL) in the Yuma-area and the smuggling of firearms

to *Los Salazares*, a violent faction of the Sinaloa Cartel in Mexico.[1]

The investigation showed that between April 2023 and June 2024, Martinez obtained about 40 firearms destined for Mexico. Martinez used individuals like Juan Carlos Yanez Molina ("Molina"), who was charged separately, and co-defendants Carlos Eduardo Diaz-Barba ("Diaz") and Jonathan Daniel Hernandez Noriega ("Noriega") to purchase firearms from FFLs in the Yuma-area and to smuggle those firearms into Mexico. Individuals like co-defendants Roani Hernandez Jr. ("Hernandez") and the Defendant were recruited by others to buy firearms for Martinez.

*December 15, 2023: Seizure of Four Firearms In San Luis, Arizona*

On December 15, 2023, law enforcement was notified by *Jones and Jones* in Somerton, Arizona, that the Defendant was purchasing four firearms. In the past three days, the Defendant had purchased six other firearms. All six firearms were the same make and model.

That same day, law enforcement saw the Defendant exit the *Jones and Jones* with the purchased firearms and enter a black Land Rover Range Rover ("Range Rover"). The driver of the Range Rover drove away at a high rate of speed, quickly changing lanes, using dirt roads, and swerving around civilian drivers. When the Range Rover stopped, the Defendant exited the vehicle with the firearms cases, running across the street, and walking into a room of the *Embajador Motel* in San Luis, Arizona.

The driver of the Range Rover then drove southbound on a northbound-only street against traffic, into the *Embajador Motel* parking lot. Law enforcement found Noriega hiding on the roof of the motel with another individual. The Defendant was detained as he was trying to leave the area. There were other individuals who were also interviewed and released.

Law enforcement searched the Range Rover. They found the receipts from *Jones & Jones* and a cellular telephone that belonged to Noriega ("Noreiga's telephone").

---

[1] The information in this section was disclosed to the Defendant in discovery.

- 2 -

Noriega was later identified as the driver of the Ranger Rover.

Post-*Miranda*, the Defendant admitted that he was paid $100 per firearm that he purchased. The Defendant consented to the seizure of the four firearms that were in a room at the *Embajador Motel*, which was where the Defendant had been staying for the last month. The Defendant did not say that he knew that the firearms were going to Mexico.

In total, ATF records show that the Defendant purchased firearms from *Jones and Jones* on December 12 (one Colt 1911s), December 13 (two Colt 1911s), December 14 (three Colt 1911s). and December 15 (two Colt 1911s and two Glocks). The Defendant listed Noreiga's address on the ATF forms 4473 that he completed for each purchase.

A search of Noriega's telephone showed communications with a telephone used by Martinez. On December 15, Noreiga and Martinez communicated about firearms. Later that same day, Noreiga told Martinez that the hotel was raided, and he was leaving.

Although Noriega did not identify Martinez as the individual who was receiving the firearms purchased on December 15, Martinez said that Noreiga obtained those firearms for him and those firearms were going to Mexico.

The Defendant and the co-defendants were indicted on November 5, 2024. He was arrested on November 7, 2024. He was on pretrial release until March 19, 2025, when he violated his release conditions. He is scheduled for sentencing on October 21, 2025.

II.    PLEA AGREEMENT

The Defendant pleaded guilty to Count 10 of the indictment, Material False Statement During the Acquisition of a Firearm. The parties stipulated that the Defendant's sentence would not exceed the low-end of the Defendant's guideline range and that he was a minor participant. The United States agreed to recommend a reduction for acceptance of responsibility and to dismiss the remaining counts at sentencing.

III.    PRESENT INVESTIGATION REPORT

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted). The

Sentencing Guidelines range is not presumed to be reasonable but instead is only one of the § 3553(a) factors to be considered by the Court. *Id*.

Probation calculates the Defendant's base offense level at 12. (PSR ¶ 24.) After adjustments for the number of firearms involved in the offense and minor role, the Defendant's adjusted offense level is 14. (PSR ¶ 42.) After a reduction for acceptance of responsibility, Probation calculates the Defendant's offense level at 12, criminal history category (CHC) I (10 to 16 months). (PSR at 20.) Probation recommends a sentence of ten months to be followed by three years of supervised release. (*Id.*)

For the reasons below and pursuant to the plea agreement, the United States respectfully requests a sentence of ten months, the low-end, to be followed by three years of supervised release.

IV.    ANALYSIS OF SENTENCING FACTORS AND RECOMMENDATION

a.  History and Characteristics of the Defendant

The Defendant is 25 years old. (PSR at 3.) Although the Defendant has serious substance abuse issues, he does not have criminal history. (PSR ¶¶ 50, 62-63.) The Defendant's lack of criminal history favors a sentence at the low-end of his sentencing guideline range.

b.  The Nature and Circumstances of the Offense

Between December 12 and December 15, 2023, the Defendant purchased ten firearms in exchange for payment. Only four of the ten firearms were recovered by law enforcement. The ten purchased firearms were headed to Mexico to be used by members of *Los Salazares*. It is unknown whether the Defendant knew that the firearms were going to Mexico. Although the Defendant's involvement in the offense was limited in comparison to some of the co-defendants, the offense itself is very serious as firearms smuggled from the United States fuel the extreme violence perpetuated by the drug cartels in Mexico. Therefore, the Defendant's involvement in conjunction with the seriousness of the offense favors a sentence at the low-end.

c.  The Need for Adequate Deterrence

Title 18, United States Code, Section 3553(a) expressly provides for the court to consider general deterrence in making its sentencing determination.  Section 3553(a)(2)(B) states that "[t]he court, in determining the particular sentence to be imposed, shall consider the need for the sentence imposed to afford adequate deterrence to criminal conduct."

The Defendant purchased ten firearms in a span of a few days.  The Defendant committed the offense for payment.  The firearms were headed to Mexico to be used by members of a drug cartel.  As mentioned above, the Defendant was a minor participant in the offense in comparison to some of the co-defendants.  However, purchasing firearms for others is a serious and dangerous offense as many of these firearms are used to commit acts of violence in the United States and, in this instance, in Mexico.  A sentence of ten months, the low-end, should send a message to other would-be straw purchasers that this is a serious offense.

d.  Not Create Unwarranted Disparity Among Defendants

Title 18, United States Code, Section 3553(a)(6) states that in formulating a sentence, a court should "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  In *United States v. Saeteurn*, the court noted that "sister circuits generally agree that 'Congress's primary goal in enacting § 3553(a)(6) was to promote national uniformity in sentencing rather than uniformity among co-defendants in the same case.'" *Saeteurn*, 504 F.3d 1175, 1181 (9th Cir. 2007) (*citing United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006).  *Saeteurn* involved a drug conspiracy with multiple co-defendants.  The Ninth Circuit, in affirming the sentence, found that the district court's comparison of the codefendants was appropriate because it helped the district court understand the nature and circumstances of the offense and each defendant's role and culpability in the conspiracy to achieve appropriate sentences under § 3553(a).  *Saeteurn*, 504 F.3d at 1181-82.

The Defendant will be the first defendant on this indictment who will be sentenced.  Like the Defendant, Molina, who was charged separately, was purchasing firearms for

Martinez in exchange for payment.  Molina purchased about 25 firearms for Martinez between March 15 and April 12, 2023.  Molina was sentenced to 18 months imprisonment. (PSR at 2.)  Although the Defendant purchased ten firearms in a span of a few days, he purchased less than half of the firearms purchased by Molina.  Therefore, a sentence of less than 18 months is warranted.

Currently, Martinez, Hernandez, and Diaz are pending trial.  Noreiga is pending sentencing.

Based on the above, the United States respectfully requests a sentence of ten months, the low-end, to be followed by three years of supervised release.  Such a sentence considers the Defendant's involvement in the offense, his lack of criminal history and substance abuse issues, and the danger that these firearms represent to the community.

**V.      Conclusion**

For the above reasons, the United States respectfully requests a sentence of ten months, the low-end.  The government also requests three years of supervised release.

Respectfully submitted this 14th day of October, 2025.


TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/Maria R. Gutierrez*
MARIA R. GUTIERREZ
BRANDON BROWN
Assistant U.S. Attorneys

- 6 -

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Eugene Marquez, Attorney for Defendant.

_s/Maria R. Gutierrez_
U.S. Attorney's Office