TIMOTHY COURCHAINE
United States Attorney
District of Arizona
MARIA R. GUTIERREZ
Arizona State Bar No. 026659
BRANDON BROWN
Arizona State Bar No. 028892
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Maria.Gutierrez@usdoj.gov
Email: Brandon.Brown@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>         vs.<br><br>Jonathan Daniel Hernandez Noriega,<br><br>                    Defendant. | CR-24-1820-03-PHX-DJH<br><br>**UNITED STATES' SENTENCING MEMORANDUM** |

For the reasons below, the United States hereby recommends that the Defendant, Jonathan Daniel Hernandez Noriega, be sentenced to 40 months of imprisonment to be followed by three years of supervised release.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    FACTS

In April 2023, Homeland Security Investigations and the Bureau of Alcohol, Tobacco, Firearms and Explosives began investigating co-defendant Jorge Adan Garcia Martinez ("Martinez") for his involvement in the straw purchasing of firearms from federally licensed firearms dealers (FFL) in the Yuma-area and the smuggling of firearms

to *Los Salazares*, a violent faction of the Sinaloa Cartel in Mexico.[1]

The investigation showed that between April 2023 and June 2024, Martinez obtained about 40 firearms destined for Mexico. Martinez used individuals like Juan Carlos Yanez Molina ("Molina"), who was charged separately, and co-defendants Carlos Eduardo Diaz-Barba ("Diaz") and the Defendant to purchase firearms from FFLs in the Yuma-area and to smuggle those firearms into Mexico. Individuals like co-defendants Roani Hernandez Jr. ("Hernandez") and Jose Guadalupe Cota Garcia ("Cota") were recruited by others to buy firearms for Martinez.

*December 15, 2023: Seizure of Four Firearms In San Luis, Arizona*

On December 15, 2023, law enforcement was notified by *Jones and Jones* in Somerton, Arizona, that Cota was purchasing four firearms. In the past three days, Cota purchased six other firearms. All six firearms were the same make and model.

That same day, law enforcement saw Cota exit the *Jones and Jones* with the purchased firearms and enter a black Land Rover Range Rover ("Range Rover"). The driver of the Range Rover drove away at a high rate of speed, quickly changing lanes, using dirt roads, and swerving around civilian drivers. When the Range Rover stopped, Cota exited the vehicle with the firearms cases, running across the street, and walking into a room of the *Embajador Motel* in San Luis, Arizona.

The driver of the Range Rover then drove southbound on a northbound-only street against traffic, into the *Embajador Motel* parking lot. Law enforcement found Cota hiding on the roof of the motel with another individual. Cota was detained as he was trying to leave the area. There were other individuals who were also interviewed and released.

Law enforcement searched the Range Rover. They found the receipts from *Jones & Jones* and a cellular telephone that belonged to the Defendant ("Defendant's telephone"). The Defendant was later identified as the driver of the Ranger Rover.

Post-*Miranda*, the Defendant denied knowing Cota and his (Defendant's)

---

[1] The information in this section was disclosed to the Defendant in discovery.

involvement in the offense. Later, he admitted to being present at the motel. He also admitted that the firearms were going to Mexico for use by *Los Salazares*.

ATF records show that the Defendant purchased firearms from *Jones and Jones* on April 1, 2023 (one Colt 1911 and one Glock), April 4, 2023 (two Colt 1911s and one Glock), June 14, 2023 (two Colt 1911s), and June 19, 2023 (two Colt 1911s). The Defendant claimed he purchased the firearms for himself when he was in fact purchasing the firearms for others. In total, the Defendant purchased nine firearms for others. In total, the Defendant's conduct involved 17 firearms.

A search of the Defendant's telephone showed communications with a telephone used by Martinez. On December 15, the Defendant and Martinez communicated about firearms. Later that same day, the Defendant told Martinez that the hotel was raided, and he was leaving.

Although the Defendant did not identify Martinez as the individual who was receiving the firearms purchased on December 15, Martinez said that Noreiga obtained those firearms for him and those firearms were going to Mexico.

The Defendant and the co-defendants were indicted on November 5, 2024. He was arrested on November 14, 2024. He is scheduled for sentencing on November 12, 2025.

## II. PLEA AGREEMENT

The Defendant pleaded guilty to Count 4 of the indictment, Material False Statement During the Acquisition of a Firearm. The parties stipulated that the Defendant's sentence would not exceed the low-end of the Defendant's guideline range and that he was an average participant. The United States agreed to recommend a reduction for acceptance of responsibility and to dismiss the remaining counts at sentencing.

## III. PRESENT INVESTIGATION REPORT

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted). The

Sentencing Guidelines range is not presumed to be reasonable but instead is only one of the § 3553(a) factors to be considered by the Court. *Id.*

Probation calculates the Defendant's base offense level at 12. (PSR ¶ 36.) After adjustments for the number of firearms involved in the offense, firearms trafficking, and exportation of firearms, the Defendant's adjusted offense level is 24. (PSR ¶ 42.) After a reduction for acceptance of responsibility, Probation calculates the Defendant's offense level at 21, criminal history category (CHC) III (46 to 57 months). (PSR at 20.) Probation recommends a sentence of 36 months to be followed by three years of supervised release. (*Id.*)

For the reasons below and pursuant to the plea agreement, the United States respectfully requests 40 months, a below guidelines sentence, to be followed by three years of supervised release.

IV.    ANALYSIS OF SENTENCING FACTORS AND RECOMMENDATION

a.    History and Characteristics of the Defendant

The Defendant is 24 years old. (PSR at 3.) The Defendant has about eight juvenile convictions involving drugs, theft, disorderly conduct, and property offenses. (PSR ¶¶ 49-56.) He also three adult misdemeanor and two felony convictions (PSR ¶¶ 57-61.) Similarly, the offenses involved property, theft, and drug offenses. (*Id.*) He also had other contacts with law enforcement and arrests. (PSR ¶¶ 49-56.) These other contacts involved weapons, theft, and disorderly conduct. (*Id.*) He committed the instant offenses while on a criminal justice sentence. (PSR ¶ 63.) While the Defendant has not served significant time in prison, he is facing his third felony conviction. The Defendant's criminal history is reflective of his substance abuse issues. Therefore, this factor favors a sentence closer to the low-end of the Defendant's guideline range.

b.    The Nature and Circumstances of the Offense

Between April and December 2023, the Defendant was involved in the purchase of 17 firearms that were destined for Mexico. Only four of the 17 firearms were recovered by law enforcement. The 17 purchased firearms were headed to Mexico to be used by

members of *Los Salazares*. The Defendnant knew that the firearms were going to be used by *Los Salazares* in Mexico. The offense itself is very serious as firearms smuggled from the United States fuel the extreme violence perpetuated by the drug cartels in Mexico. Therefore, the Defendant's involvement in conjunction with the seriousness of the offense favors a sentence near the low-end.

### c. The Need for Adequate Deterrence

Title 18, United States Code, Section 3553(a) expressly provides for the court to consider general deterrence in making its sentencing determination. Section 3553(a)(2)(B) states that "[t]he court, in determining the particular sentence to be imposed, shall consider the need for the sentence imposed to afford adequate deterrence to criminal conduct."

The Defendant was involved in the purchase of 17 firearms. He was a straw purchaser and drove Cota to purchase firearms. The Defendant committed the offense for payment. The firearms were headed to Mexico to be used by members of a drug cartel. As mentioned above, the Defendant was an average participant in the offense. Purchasing firearms for others is a serious and dangerous offense as many of these firearms are used to commit acts of violence in the United States and, in this instance, in Mexico. A sentence of 40 months, while below guidelines, but still lengthy, should send a message to other would-be straw purchasers and smugglers that this is a serious offense.

### d. Not Create Unwarranted Disparity Among Defendants

Title 18, United States Code, Section 3553(a)(6) states that in formulating a sentence, a court should "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." In *United States v. Saeteurn*, the court noted that "sister circuits generally agree that 'Congress's primary goal in enacting § 3553(a)(6) was to promote national uniformity in sentencing rather than uniformity among co-defendants in the same case.'" *Saeteurn*, 504 F.3d 1175, 1181 (9th Cir. 2007) (*citing United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006). *Saeteurn* involved a drug conspiracy with multiple co-defendants. The Ninth Circuit, in affirming the sentence, found that the district court's comparison of the codefendants was appropriate

because it helped the district court understand the nature and circumstances of the offense and each defendant's role and culpability in the conspiracy to achieve appropriate sentences under § 3553(a). *Saeteurn*, 504 F.3d at 1181-82.

The Defendant is the second defendant on this indictment to be sentenced. Molina, who was charged separately, and Cota were purchasing firearms for Martinez in exchange for payment. Molina purchased about 25 firearms for Martinez. Molina was sentenced to 18 months imprisonment. (PSR at 2.) Cota purchased ten firearms.

The Defendant was involved in the purchase of 17 firearms that were headed to Mexico. He was a straw purchaser, and he drove Cota to buy firearms on December 15, 2023. Martinez said that the Defendant was purchasing firearms for him. Therefore, a sentence of 40 months, a significant but below guidelines sentence, is warranted.

Currently, Martinez, Hernandez, and Diaz are pending trial.

Based on the above, the United States respectfully requests a sentence of 40 months, a below guidelines sentence, to be followed by three years of supervised release. Such a sentence considers the Defendant's involvement in the offense, his lack of criminal history and substance abuse issues, and the danger that these firearms represent to the community.

**V.     Conclusion**

For the above reasons, the United States respectfully requests a sentence of 40 months, a significant but below guidelines sentence. The government also requests three years of supervised release.

Respectfully submitted this 29th day of October, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/Maria R. Gutierrez*
MARIA R. GUTIERREZ
BRANDON BROWN
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Robert McWhirter, Attorney for Defendant.

*s/Maria R. Gutierrez*
U.S. Attorney's Office