ARMOUR LEGAL, LLC.
Matthew W. Bartz (SBN#024972)
3317 S. Higley Rd. Suite 114-444
Gilbert, AZ 85297
Telephone: 602-550-8919
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

    Plaintiff,

    vs.

Roani Hernandez Jr.,

    Defendant.

Case No.: 2:24-cr-01820-PHX-DJH

DEFENDANT'S SENTENCING
MEMORANDUM

Defendant, Roani Hernandez Jr., by and through counsel, submits the following as his Sentencing Memorandum pursuant to 18 U.S.C. §3553 and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), *Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456 (2007), *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586 (2007), and *Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558 (2007). Mr. Hernandez asks this Court to sentence him to a term 3 years of Supervised Release with 10 months of House Arrest as an initial term of release and a $5,000 fine. The following Memorandum of Points and Authorities is attached in support of this request.

-1-

RESPECTFULLY SUBMITTED this  21st  Day of January, 2026.


/s/ *Matthew W. Bartz*
Attorney for Defendant

<h3 style="text-align:center">MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S SENTENCING MEMORANDUM</h3>

## I.    Background

Roani Hernandez Jr. has accepted responsibility and entered into a plea agreement for his involvement in this case.  A summary of the facts of the case is accurately portrayed in Paragraphs 6 to 30 of the Presentence Investigative Report (PSR), an a very brief summary will be integrated in this memorandum while discussing Roani's background.  The PSR has been reviewed by Roani and he does not have any additions, corrections, or objections to the contents of the report.

Roani Hernandez Jr. is a 26-year-old United States Citizen who was born in Bullhead City, Arizona.  He was raised by his parents, until his father left when he was 14 years old.  Since 2013, he has not seen his father very much and has been raised by his mother and his maternal grandmother.  For the past 16 years he has lived in the same home which he rents with his mother and grandmother.

Roani has been working for Origin Copper Mining Company at a site near Kingman, Arizona for the past year.  He plans on going to welding school at Mohave Community College to be able to get a better paid position with the same company or find work with a different company as a welder.

Roani Hernandez Jr. violated the laws of the United States on June 21, 2024 when he purchased five .22 caliber pistols (PSR Paragraph 27) with the expectation of being paid $100 for each of the five guns he purchased. Until now, his criminal history consisted of two misdemeanors: one from October 2017 related to reckless driving and the other from July 2018 related to possession of marijuana paraphernalia.

While neither of those misdemeanor charges were likely to have any major impact on his ability to gain employment, rent his own apartment, impact on his right to serve on a jury, his right to vote or his right to bear arms, this conviction will have major and long last impact on his future. This case will serve as a regular and permanent reminder of the need to obey the law and make better decisions. Because Roani is still a very young man this is a lesson he will never forget because the weight of his poor choice will be felt repeatedly when he is rejected rental applications, unable to vote in elections, denied job opportunities, or required to disclose the conviction as a disqualifier from jury service.

Fortunately for Roani, his mother and grandmother love him; they have seen his remorse first hand and want to help him make better choices. They love him enough to be help guide him as he continues to mature.

<u>**No Objections to the Presentence Investigative Report**</u>

Counsel and Mr. Hernandez Jr. have reviewed the Presentence Investigative Report and do not make any objections and do not request and corrections.

**II.      Sentencing Recommendation**

Roani desires to make changes in his life and make better choices for himself.  Both the Government and PSR have recommended a sentence of eight months incarceration with two years of supervised release.

Since December 3, 2024, Roani has been dealing with some of the consequences of his decision to act as a straw buyer in the purchase of five .22 caliber pistols.  He has been supervised by Pretrial Services for just over one year. During that time he has complied perfectly with every order of the Court and every request of Pretrial Services.  Whereas he used to occassionally smoke marijuana in the evening to help him sleep, he has successfully completely removed it from his life and all of his drug tests have been clean.  He has maintained good employment at a demanding job and he has plans to become a welder to impove his position with the mining company.

As the Court knows, the goal of sentencing is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553 which states:

<u>18 U.S.C. §  3553.  Imposition of a sentence</u>

(a) Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)      the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

...

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

We submit that a sentence of 3 years of supervised release with an initial term of 10 months of House Arrest with a $5,000 fine is a sentence that is sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553. Such a sentence would avoid unwarranted disparities in sentences of similarly situated defendants who have been sentenced in these sort of cases where the firearms purchased were mostly pistols.

Nature and Circumstances of the Offense and the History and Characteristics of the Defendant: Participating as a straw buyer of firearms is frowned upon because the firearms often end up in the hands of persons that our laws intended to

prevent from aquiring firearms.  However, there are definitely different roles played by parties in that are convicted of this type of firearms crime.  Some parties are those that are prohibited possessors responsible for providing the funds to purchase the firearms and then either providing them to convicted felons or shipping them beyond the borders of our country.  Other parties are U.S. Citizens that are recruited to act as the buyer and paid a small amount of money in exchange for going into an FFL and purchasing the firearms.  Sometimes these buyers are aware of where the guns are going, sometimes they are unaware.  Typically, the buyers are purchasing high-powered semi-automatic riles or large caliber high-capacity magazine pistols.   In Roani's case, the nature and circumstances of his role, knowledge and the types of firearms purchased are as favorable for a defendant as they can be.  Here, Roani was the U.S. Citizen straw buyer, he was going to be paid $100 per gun.  He did not know the guns would be sent to out of the country.  Lastly, none of the guns purchased were high capacity rifles or large caliber pistols; in fact, they were all .22 caliber pistols most often used by people that intend to use the guns for plinking at empty soda cans in the desert with the cheapest and smallest ammunition available.  The history and characteristics of Roani Herndandez Jr. could be better if he did not have the misdemeanor reckless driving and misdemeanor marijuana paraphernalia convictions from seven years ago.  However, neither of those are serious offenses

and both were committed when he was 18 and 19 years old. Apart from that, he has shown himself to be a hard worker and able to comply with orders of the court by performing extremely well under supervision the past 13 months.

<u>The Need for the Sentence to Reflect the Seriousness of the Offense, To Promote Respect for the Law, and to Provide Just Punishment for the Offense; to Afford Adequate Deterrence to Criminal Conduct; to Protect the Public from Further Crimes of the Defendant</u>: If Roani's Hernandez's role in this offense had been the exact same, but with the purchase of less than three of these .22 caliber pistols, a very strong argument would be made for a sentence that did not involve anything more than 3 years of supervised release because that sort of sentence is frequently imposed under those conditions. Unfortunately, it involved a total of eight firearms. Fortunately, five of those were seized by law enforcement. And while some additional punishment is meritted for the number of firearms that Roani purchased, it should be noted that he fully cooperated with law enforcement and it was only by his own voluntary statement that it was learned that he had previously purchased and sold three other .22 caliber pistols for a profit of $100 each. It should also be noted that he has been on supervised release for the past 13 months and the day of his sentencing has hung like a sword above his head; yet, he has obtained and held quality employment for the

mining company, planned a better future with the company and tested negative on all his drug tests.

The Government advocates for a sentence of 8 months of incarceration with 2 years of supervised release. The Defense advocates that a sentence of 10 months of House Arrest as an intial term of 3 years of supervised release with a $5,000 fine as a punishment that comports with all the factors of 18 U.S.C § 3553. Both options are valid considerations for the Court. However, the proposal of an additional year of supervised release, with the addition of a $5,000 fine and changing 8 months of incarceration in a detention facilty for 10 months of incarceration through house arrest will allow Mr. Hernandez to continue to work, allow him to study to obtain his welding certificate, protect the communty for an additional 12 months, and require of fine that is 10 times greater than what he stood to gain for his involvement, all of which protect the community for a longer period of time and remind Roani of his need to obey every rule of law and of the Court.

**III.  Conclusion**

Given the circumstances in this case Roani Hernandez Jr. humbly requests the court impose a sentence of 3 years of Supervised Release, with an Initial Term of 10 months of House Arrest and a $5,000 fine.

RESPECTFULLY SUBMITTED this 22<u>nd</u> Day of January, 2026.

ARMOUR LEGAL, L.L.C.

<u>/s/ *Matthew W. Bartz*</u>
Attorney for Defendan

I hereby certify that on January 22, 2026:

I electronically transmitted the attached
document to the Clerk's Office using the
CM/ECF system for filing and transmittal
of a Notice of Electronic Filing to the following
CM/ECT registrants:

Honorable Diane J. Humetewa and
Brandon Brown, Assistant U.S. Attorney

Courtesy copy of draft order e-mailed to:

Honorable Diane J. Humetewa
Humetewa_chambers@azd.uscourts.gov

Brandon Brown, Assistant U.S. Attorney
Brandon.Brown@usdoj.gov

Jonathan P. Spano, U.S. Probation Officer
Jonathan_Spano@azd.uscourts.gov

By: *_/s/Matthew W. Bartz*